UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIAN R. CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 26-cv-00884-VKD<br><br>**ORDER SCREENING AMENDED COMPLAINT AND ORDERING ISSUANCE OF SUMMONS AND SERVICE**<br><br>Re: Dkt. No. 8 |

Adrian Carbajal, who is representing himself, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his rights under the Fourth Amendment of the U.S. Constitution. Dkt. No. 1. Mr. Carbajal's original complaint also asserted a claim for conspiracy, as well as several claims under state and/or common law. *See id*. The defendants included the City of San Jose ("City"), several San Jose police officers, and Microchip Technology Company ("Microchip Technology").[1] Although the San Jose Police Department ("SJPD") was not identified as a defendant in the caption of the complaint, the body of Mr. Carbajal's pleading indicated that SJPD is among the defendants Mr. Carbajal intends to sue in the present action. Mr. Carbajal also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2.

On April 7, 2026, the Court issued an order granting Mr. Carbajal's IFP application and screening his complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 4. With respect to most of the claims asserted against the defendant officers and municipal defendants, the Court deferred ruling on the sufficiency of Mr. Carbajal's claims and "decline[d] to recommend dismissal of the

---

[1] The complaint also referred to Microchip Technology as "Microchip Technology Computer Company."

complaint at this time," stating that its order "is without prejudice to any argument defendants might raise after they are served and appear, including whether Mr. Carbajal is required to comply (and allege compliance) with claim-filing requirements under California law as to any of these claims." *Id*. at 1, 6.[2]  The Court otherwise found that "Mr. Carbajal's complaint fails to state sufficient facts supporting a plausible claim for § 1983 conspiracy as to all named defendants or to support plausible claims for intentional infliction of emotional distress, negligence, and false imprisonment against Microchip Technology." *Id*. at 9.  The Court gave Mr. Carbajal leave to amend his complaint.  *Id*.

After obtaining an extension of time, Mr. Carbajal filed an amended complaint on June 8, 2026.  Dkt. No. 8.  "A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding in forma pauperis."  *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (citing 28 U.S.C. § 1915(e)(2)(B)).  "The screening requirement applies to both prisoners and non-prisoners."  *Id.; see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  "The court's screening obligation extends beyond the original complaint, as the court 'shall dismiss the case at any time' if it determines that the plaintiff's pleading is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Castro*, 2020 WL 733127 at *1 (quoting 28 U.S.C. § 1915(e)(2)(B)).

Mr. Carbajal's amended complaint no longer names Microchip Technology as a defendant.  The amended pleading indicates that the defendants are the "City of San Jose, [SJPD], Officer Sunga (Badge No. 5035), Officer Reyes (Badge No. 5080), Officer Gutierrez (Badge No. 5061), Officer Lloyd (Badge No. Unknown), Sergeant Sandoval (Badge No. 4078), and D[oes] 1 through 10."  *Id*. at 1.  The amended complaint no longer asserts any state law or common law claims for relief.  The Court concludes that Mr. Carbajal has voluntarily dismissed those claims and Microchip Technology from the case.  *See Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir.

---

[2] With respect to documents filed with the Court, all pin citations refer to the page number appearing on the ECF header on those documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). Mr. Carbajal's amended complaint asserts several claims for violation of his rights under the Fourth Amendment of the U.S. Constitution, as well as a claim for "Municipal Liability" against the City of San Jose and SJPD. *Id*. at 3-5.

Having reviewed the amended complaint, the Court concludes that, for purposes of 28 U.S.C. § 1915, Mr. Carbajal's allegations, liberally construed, are sufficient to meet "the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Accordingly, the Court orders as follows:

1. By **June 25, 2026**, Mr. Carbajal shall file a notice providing the addresses at which each defendant may be served.

2. Upon receipt of Mr. Carbajal's filing, the Clerk of the Court shall issue the summons. The U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the summons, first amended complaint, a waiver of service form, and this order upon Defendants.

**IT IS SO ORDERED.**

Dated: June 11, 2026

Virginia K. DeMarchi
United States Magistrate Judge

3