United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADRIAN R. CARBAJAL,
Plaintiff,

v.

CITY OF SAN JOSE, et al.,
Defendants.

Case No. 26-cv-00884-VKD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS 3, 4, AND 5 OF FIRST AMENDED COMPLAINT**

Re: Dkt. No. 24

Adrian Carbajal, who is representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourth Amendment of the U.S. Constitution. Defendants move pursuant to Rule 12(b)(6) to dismiss the third, fourth, and fifth claims for relief in Mr. Carbajal's operative first amended complaint ("FAC"). Dkt. No. 24. Mr. Carbajal opposes the motion. Dkt. No. 28. Defendants did not file a reply. Upon consideration of the moving and responding papers, the Court grants defendants' motion to dismiss claims three, four, and five of the FAC, with leave to amend.[1]

## I. BACKGROUND

Mr. Carbajal filed his original complaint in January 2026, along with an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. The Court granted Mr. Carbajal's IFP application, screened his complaint, and gave him an opportunity to amend his pleading. Dkt. No. 4. Mr. Carbajal filed an amended complaint on June 8, 2026. Dkt. No. 8. The FAC alleges that

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 27.

between 11:00 p.m. and 3:00 a.m. on January 30, 2024, he "was peacefully sleeping in [his] vehicle in a vacant parking lot at a Microchip facility," and was "unarmed, had no shoes on, and was not committing any crime." Dkt. No. 8 ¶ 6. Mr. Carbajal says that "[a]t the time, [he] was homeless and living in [his] vehicle." *Id.* He further alleges that "[w]ithout any warning or request to leave, [San Jose Police] Officers Sunga and Reyes aggressively approached [his] vehicle," "loudly banged on it with batons and began screaming commands for [Mr. Carbajal] to exit with [his] hands up." *Id.* ¶ 7. The FAC further alleges that Officers Sunga and Reyes, "had their guns drawn and were shining their flashlights directly in [Mr. Carbajal's] face," and "refused to tell [him] why they were there." *Id.* ¶ 8. Mr. Carbajal states that "[e]ven though [he] was scared, [he] remained cooperative," "repeatedly told the officers [he] had no weapons, offered to leave peacefully, and pressed both of [his] hands and [his] face against the window to clearly show [he] was unarmed and not a threat." *Id.* ¶ 9.

The officers allegedly did not tell Mr. Carbajal to leave the property or give him an opportunity to leave "before they escalated the situation and broke [his] window." *Id.* ¶¶ 10, 12. Mr. Carbajal alleges that Officer Sunga "shattered the driver's side window [of his vehicle], causing glass to spray into [Mr. Carbajal's] face and eyes." *Id.* ¶ 12. He further alleges that "Officers Sunga and Reyes then pulled [him] through the broken window and slammed [him] to the ground," and "seriously injured [his] left shoulder." *Id.* ¶ 13.

Throughout the encounter, Mr. Carbajal says that although he repeatedly asked, he was not allowed to retrieve his shoes, wallet, phone, or identification from his vehicle. *Id.* ¶ 14. His requests to speak with a supervisor reportedly were also denied. *Id.* The FAC alleges that just before being taken by ambulance to Valley Medical Center, Mr. Carbajal "sp[oke] briefly with Sergeant Sandoval," who reportedly "dismissed [Mr. Carbajal's] concerns and offered no help." *Id.* ¶ 15.

The FAC alleges that Mr. Carbajal "was diagnosed with a Grade 5 AC joint separation that requires surgery." *Id.* ¶ 17. After receiving medical clearance, Mr. Carbajal was booked into the Santa Clara County Jail, where Mr. Carbajal says he "was in extreme emotional distress" and "afraid [he] would lose [his] vehicle and all [his] belongings." *Id.*

After he was released, Mr. Carbajal says that he "found [his] vehicle damaged and [his] belongings searched." *Id.* ¶ 18. The FAC alleges that Mr. Carbajal later "discovered that police reports and court documents had multiple errors—[his] name was spelled wrong and [his] address was listed incorrectly on some papers." *Id.* Additionally, Mr. Carbajal says that there "are no arrest records at all in the San Jose Police Department's system or the Santa Clara County Jail records, even though [he] was formally booked and held for several hours." *Id.* The FAC alleges that "[t]hese mistakes made it very difficult for [Mr. Carbajal] to get notice of any court dates or [to] access [his] own records." *Id.*

As a result of the incident, Mr. Carbajal says that he "suffered severe emotional distress" and "continue[s] to suffer from pain and limited mobility in [his] left shoulder as a direct result of the officers' actions." *Id.*

The FAC names as defendants the City of San Jose ("City"), the San Jose Police Department ("SJPD"), Officer Sunga, Officer Reyes, Officer Gutierrez, Officer Lloyd, and Sergeant Sandoval, as well as "Does 1 through 10." *Id.* at 1. The FAC asserts five claims for relief based on violation of Mr. Carbajal's Fourth Amendment rights: (1) excessive force (against Officers Sunga and Reyes); (2) false arrest (against Officers Sunga and Reyes); (3) unlawful search (against all individual defendants); (4) municipal liability (against the City and the SJPD); and (5) failure to intervene (against all individual defendants). Mr. Carbajal seeks "compensatory damages for [his] physical injuries, past and future medical expenses, pain and suffering, emotional distress, property damages, and loss of liberty," as well as punitive damages against the individual officers. *Id.* at 5.

Defendants move pursuant to Rule 12(b)(6) to dismiss claims three, four, and five, arguing that the FAC fails to state sufficient facts supporting plausible claims for relief.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

While pro se pleadings are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023), a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

### A. Claim 3: Unlawful Search

Mr. Carbajal's third claim for relief is asserted against all individual officers and alleges that "[t]he officers searched [his] vehicle without [his] consent, without a warrant, and without any valid legal reason." Dkt. No. 8 at 4. Defendants argue that the FAC's allegations are merely formulaic recitations that are insufficient to support a plausible claim for unlawful search. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (citation modified; citation omitted). Mr. Carbajal's allegations are vague as to what conduct, if any, is attributable to any particular defendant with respect to his

unlawful search claim. In addition, the FAC does not include factual allegations sufficient to support an inference that one or more of the officers named in his complaint conducted an unlawful search of his vehicle and/or any of his belongings. Accordingly, the Court grants defendants' 'motion to dismiss Mr. Carbajal's third claim based on unlawful search. As discussed below, Mr. Carbajal is given leave to amend with respect to this claim.

**B. Claim 4: Municipal Liability**

Mr. Carbajal's fourth claim for relief is asserted against the City and the SJPD. The FAC alleges that the City and the SJPD "have a policy, custom, or practice of inadequately training its officers on (1) how to properly handle trespass complaints involving homeless individuals living in their vehicles, (2) proper de-escalation techniques, and (3) the constitutional limits on use of force." Dkt. No. 8 at 4. The FAC further alleges that "[t]his failure to train was the moving force behind the violations committed against [Mr. Carbajal]." *Id.*

**1. SJPD**

Mr. Carbajal's claim for municipal liability is the sole claim for relief asserted against the City and the SJPD. At the outset, defendants argue that as the City is the municipality that administers the SJPD, the SJPD should be dismissed as an improper and/or duplicative defendant "because [Mr. Carbajal] has already named the City[.]" Dkt. No. 24 at 10. The Court agrees. *See, e.g., Ochoa v. City of San Jose*, No. 21-cv-02456-BLF, 2021 WL 7627630, at *4 (N.D. Cal. Nov. 17, 2021) (dismissing SJPD from § 1983 action as "a duplicative party," without leave to amend, where "[t]he City is already accused of the same claims premised on the same facts."); *Malviya v. City of San Jose*, No. 05-cv-05427-RMW, 2006 WL 2529511, at *4 (N.D. Cal. Aug. 31, 2006) (same). Accordingly, the Court grants defendants' motion to dismiss Mr. Carbajal's fourth claim against the SJPD, without leave to amend.

**2. *Monell* Liability**

To the extent Mr. Carbajal seeks to hold the City liable for constitutional violations, defendants argue that the FAC's allegations are too conclusory to state a plausible claim for relief. The Court agrees that Mr. Carbajal's FAC fails to state a plausible claim for *Monell* liability against the City.

Municipalities may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), and "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights," *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). To state a claim for *Monell* liability, Mr. Carbajal must allege facts showing that (1) he possessed a constitutional right of which he was deprived; (2) the City had a policy; (3) the policy amounts to deliberate indifference to Mr. Carbajal's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty*, 654 F.3d at 900 (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)). "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, customs, or habits." *Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 668 (N.D. Cal. 2022) (quotations and citation omitted).

Mr. Carbajal's FAC asserts that the City is liable based on a failure to properly train its police officers. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "This standard is met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Ochoa*, 2021 WL 7627630, at *7 (quoting *Canton*, 489 U.S. at 390); *see also Dougherty*, 654 F.3d at 900 ("Mere negligence in training or supervision, however, does not give rise to a *Monell* claim."). "For example, if police activities in arresting fleeing felons 'so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers,' then the city's failure to train may constitute 'deliberate indifference.'" *Ochoa*, 2021 WL 7627630, at *7 (quoting *Canton*, 489 U.S. at 390 n.10). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure

under § 1983." *Canton*, 489 U.S. at 389. "And only under such circumstances does the failure to train constitute 'a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.'" *Ochoa*, 2021 WL 7627630, at *7 (quoting *Canton*, 489 U.S. at 390). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted).

While Mr. Carbajal's FAC alleges that the City's police officers are inadequately trained in several respects, the FAC does not plead any facts regarding the frequency or extent of the relevant training for the City's police officers, or facts showing that the alleged training deficiencies gave rise to the alleged constitutional violations he experienced. Nor does Mr. Carbajal allege a pattern of similar constitutional violations, or any facts demonstrating that the encounter in question is among the "rare" cases in which allegations of a pattern of similar constitutional violations in the past are not necessary to state a failure-to-train claim. *Connick*, 563 at 64.

Accordingly, the Court grants defendants' motion to dismiss Mr. Carbajal's fourth claim based on municipal liability. As discussed below, Mr. Carbajal is given leave to amend with respect to this claim as against the City.

**C. Claim 5: Failure to Intervene**

Mr. Carbajal's fifth claim for relief is asserted against all individual officers. The FAC alleges that "[a]ll of the defendant officers were present during the incident, observed the excessive force and unlawful arrest being carried out, had the opportunity and duty to intervene to stop the violations, but failed to do so." Dkt. No. 8 at 5.

"In some situations, the Constitution may impose on an officer a duty to intervene to prevent an ongoing constitutional violation." *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir 2022). "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation modified; citation omitted). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.*; *see also id.* at 1290 (finding officers

who were not present at time of alleged misconduct "could not intercede" to prevent it).

The Court agrees with defendants that the FAC's allegations do not support a plausible claim for relief against Officers Sunga and Reyes, who are the officers who allegedly used excessive force and conducted the alleged unlawful arrest. Accordingly, the Court grants defendants' motion to dismiss Mr. Carbajal's claim for failure to intervene as to Officers Sunga and Reyes. Because the Court finds that amendment of this claim as to Officers Sunga and Reyes would be futile, the dismissal of this claim as to those officers is without leave to amend.

With respect to the remaining individual officers—Sergeant Sandoval and Officers Gutierrez and Lloyd—defendants argue that the FAC fails to allege sufficient facts demonstrating that they are liable for failing to intervene in the alleged excessive force and unlawful arrest by Officers Sunga and Reyes. To the extent Mr. Carbajal seeks to hold Sergeant Sandoval and Officers Gutierrez and Lloyd liable under a failure to intervene theory, the FAC's allegations are formulaic and conclusory, and lack factual support showing that these officers had an opportunity to intercede in the alleged unconstitutional conduct of Officers Sunga and Reyes. *See Cunningham*, 229 F.3d at 1289-90.

To the extent Mr. Carbajal seeks to hold Sergeant Sandoval and Officers Gutierrez and Lloyd liable under a separate theory as "integral participants," he "must do more than show [that Sergeant Sandoval and Officers Gutierrez and Lloyd] [were] . . . 'mere bystander[s], but need not go so far as to show 'that each officer's actions themselves rise to the level of a constitutional violation.'" *Paredes v. City of San Jose*, 760 F. Supp. 3d 902, 909 (N.D. Cal. 2024) (quoting *Bonivert v. City of Clarkston*, 883 F.3d 865, 879 (9th Cir. 2018)); *see also Peck*, 51 F.4th at 889 ("To be liable under section 1983, a defendant official 'must be more than a 'mere bystander.'"); *Bonivert*, 883 F.3d at 879 ("An officer can be held liable for a constitutional violation only when there is a showing of 'integral participation' or 'personal involvement' in the unlawful conduct, as opposed to mere presence at the scene.") (citation omitted). The Ninth Circuit has held that liability as an integral participant arises where "(1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation," or "(2) the defendant set in motion a series of acts by others which the

defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck*, 51 F.4th at 891. While Mr. Carbajal alleges that he spoke briefly with Sergeant Sandoval before being taken away by ambulance, the FAC does little more than allege that Sergeant Sandoval and Officers Gutierrez and Lloyd were present at the scene. That is an insufficient basis on which to hold those officers as integral participants in the alleged unconstitutional conduct of Officers Sunga and Reyes.

Accordingly, the Court grants defendants' motion to dismiss Mr. Carbajal's fifth claim based on failure to intervene. As discussed below, Mr. Carbajal is given leave to amend with respect to this claim as against Sergeant Sandoval and Officers Gutierrez and Lloyd.

## IV. LEAVE TO AMEND

Rule 15(a) provides that leave to amend " 'should [be] freely give[n] . . . when justice so requires,' because the purpose of the rule is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger v. BMG Music Pub*., 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Mr. Carbajal is not given leave to amend with respect to his fourth claim for relief based on municipal liability against the SJPD. He is also not given leave to amend his fifth claim for relief based on failure to intervene as against Officers Sunga and Reyes.

Mr. Carbajal is otherwise given leave to amend claims three, four, and five by **October 29, 2026**. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-00884-VKD, and the words "Second Amended Complaint" on the first page.

Mr. Carbajal is advised that the second amended complaint will supersede his prior complaints, which will be treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Mr. Carbajal may not add new claims or parties in his second amended complaint absent leave of court.

United States District Court
Northern District of California

Mr. Carbajal is reminded of the availability of this District's Pro Se Handbook at https://cand.uscourts.gov/representing-yourself/pro-se-handbook, as well as the free information and limited-scope legal advice, available to self-represented litigants in federal cases, via the Federal Pro Se Program. Information regarding the program can be found at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers. Appointments may be scheduled by calling 408-297-1480.

## V. CONCLUSION

Based on the foregoing, the Court grants defendants' motion to dismiss claims three, four, and five of the FAC, with leave to amend consistent with the rulings in this order. Mr. Carbajal's amended complaint must be filed by **October 29, 2026**.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Virginia K. DeMarchi
United States Magistrate Judge